# EXHIBIT A

6/26/14    12:25 PM

5192-051340020-20140531311:51 <No Field>   Page 15 of 21

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 1 3 2014

Sherri R. Carter, Executive Officer/Clerk

By Victor Sino-Cruz, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE WESTIN LOS ANGELES AIRPORT, a business form unknown;
Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARA SAHELIAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles, Central-Stanley<br>Mosk Courthouse   111 N. Hill Street, Los Angeles, CA 90012-3117 | CASE NUMBER:<br>*(Número del Caso):*<br>4 K 0 6 4 0 0 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott L. Cohen, Esq., 23151 Moulton Pkwy., Laguna Hills, CA 92653; 949-951-3832

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)*   SHERRI R CARTER   VICTOR SINO-CRUZ | Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAY 1 3 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Westin Hotel Management L.P.

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):                    15 of 21
4. ☒ by personal delivery on (date): 6/26/14

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

**File By Fax**

*6/26/14   12:25 PM*

5192-051340020  2014051311:51  <No Field>   Page 15 of 21

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE WESTIN LOS ANGELES AIRPORT, a business form unknown;
Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARA SAHELIAN

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 13 2014

Sherri R. Carter, Executive Officer/Clerk

By Victor Sino-Cruz, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* |
|---|---|
| Superior Court of California, County of Los Angeles, Central-Stanley Mosk Courthouse   111 N. Hill Street, Los Angeles, CA 90012-3117 | 4 K 0 6 4 0 0 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott L. Cohen, Esq.;  23151 Moulton Pkwy., Laguna Hills, CA 92653;  949-951-3832

| DATE: *(Fecha)* | Clerk, by *(Secretario)* | Deputy *(Adjunto)* |
|---|---|---|
| SHERRI R. CARTER | VICTOR SINO-CRUZ | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

MAY 13 2014

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Starwood Hotels & Resorts Worldwide, Inc.

under:  ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 6/26/14

15 of 21

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1 Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

File By Fax

5192:051340020 2014051311:51 <No Field>  Page 5 of 21

| | |
|---|---|
| 1 | Scott L. Cohen [SBN 113404]<br>Law Offices of Cohen & Blitz |
| 2 | 23151 Moulton Pkwy |
| 3 | Laguna Hills, CA 92653-1206<br>Tel: 949.951.3832 |
| 4 | Fax: 949.951.3872 |
| 5 | Attorneys for Ara Sahelian |
| 6 | Ara Sahelian, Esq. [SBN 169257] |
| 7 | 23046 Avenida De La Carlota, Ste. 600<br>Laguna Hills, CA 92653 |
| 8 | Tell: 949.859.9200<br>Fax: 949.954.8333 |
| 9 | sahelianlaw@me.com<br>In Pro Per |

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

MAY 1 3 2014

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

10

11 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 COUNTY LOS ANGELES

CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

13

14 ARA SAHELIAN,

15 Plaintiff,

16 v.

17

18 THE WESTIN LOS ANGELES AIRPORT, a business form unknown; DOES 1-100,

19

20 Defendants.

21

22

23

24

25

26

27

28

CASE NO:  **1 4 K 0 6 4 0 0**

LIMITED CIVIL CASE - UNDER $10,000.

COMPLAINT FOR DAMAGES -
CONSTRUCTION-RELATED ACCESSIBILITY
CLAIM. [CIV 55.1 ET SEQ.]

* Violation of the Americans With Disabilities Act of 1990 [42 U.S.C. section 12101, et seq.];
* Violation of the UNRUH Civil Rights Act [Cal Civ § 51-53];
* Violation of the California Disabled Persons Act [Cal Civ. § 54-54.8];
* Negligence;
* Unfair Competition.

[IMAGED FILE]

JUDGE:

DEPT:                    6 of 21

File By Fax

CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT

1

1.   PLAINTIFF is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant THE WESTIN LOS ANGELES AIRPORT 5400 West Century Boulevard, Los Angeles (hereinafter also "DEFENDANT") is a business, form unknown, whose principal place of business is in the county of Los Angeles, state of California. DEFENDANT is the owner of the place of public accommodation where the incident occurred ("SITE").  DEFENDANT describes itself as "Westin Hotels & Resorts® indulge our guests in elements of well-being. Our refreshing ambience, innovative programs and thoughtful amenities help provide a stay that leaves you feeling better than when you arrived. Our more than 185 hotels and resorts worldwide are defined by modern design, instinctive service and a rejuvenating atmosphere. Whether you're golfing in Spain, snorkeling in Bali, or sightseeing in Times Square, Westin delivers an experience unlike any other." <http:// www.starwoodhotels.com/westin/about/index.html>; "Westin® (luxury and upscale full-service hotels, resorts and residences) provides innovative programs and instinctive services which transform every aspect of a guest's stay into a revitalizing experience. ... Revive in the Heavenly® Bath where luxurious touches create a spa-like experience ... Westin ensures guests leave feeling better than when they arrived, Westin. For A Better You." < http://www.starwoodhotels.com/corporate/about/ index.html>. THE WESTIN LOS ANGELES AIRPORT is a division of Starwood hotels which in turn describes itself as "Starwood Hotels & Resorts Worldwide, Inc. is one of the leading hotel and leisure companies in the world with nearly 1,200 properties in 100 countries and 181,400 employees at its owned and managed properties. Starwood is a fully integrated owner, operator and franchisor of hotels, resorts and residences with the following internationally renowned brands: St. Regis®, The Luxury Collection®, W®, Westin®, Le Méridien®, Sheraton®, Four Points® by Sheraton, Aloft®, and Element®."

2.   The true names and facts giving rise to a cause of action against defendants sued herein as Does 1 through 100 are unknown to PLAINTIFF.  PLAINTIFF sues said defendants by such fictitious names. PLAINTIFF is informed and believes, and based thereon alleges, that each of the defendants, designated herein as a Doe, is legally responsible in some manner for the events and happenings referred to herein, and caused injury and damages proximately thereby to PLAINTIFF as hereinafter alleged. Whenever in this complaint reference is made to defendants, such allegations shall be deemed to mean acts of defendants, acting individually, jointly, and/or severally.

3.   Venue is proper as the construction-related accessibility claims, against a place of public accommodation, arose in this District.                                    7 of 21

## FACTUAL ALLEGATIONS

4.  PLAINTIFF suffers from an impairment that substantially limits one or more major life activities, requiring him to use a wheelchair.

5.  DEFENDANT operates a business that provides goods or services to the public, and must therefore provide "public accommodations" under the the Americans with Disabilities Act of 1990 (5 U.S.C. 301; 28 U.S.C. 509, 510; 42 U.S.C. 12186(b)). The ADA prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation and commercial facilities to be designed, constructed, and altered in compliance with the accessibility standards. The ADA establishes requirements for 12 categories of public accommodations, which include stores, restaurants, bars, service establishments, theaters, hotels, recreational facilities, private museums and schools, doctors' and dentists' offices, shopping malls, and other businesses. Nearly all types of businesses that serve the public are included in the 12 categories, regardless of the size of the business or the age of their buildings. Businesses covered by the ADA are required to modify their business policies and procedures when necessary to serve customers with disabilities and take steps to communicate effectively with customers with disabilities. The ADA also requires businesses to remove architectural barriers in existing buildings and make sure that newly built or altered facilities are constructed to be accessible to individuals with disabilities. "Grandfather provisions" often found in local building codes do not exempt businesses from their obligations under the ADA.

6.  Starting March 15, 2011, businesses were under a duty to comply with the ADA's general nondiscrimination requirements, including provisions related to policies and procedures and effective communication. The deadline for complying with the 2010 ADA Standards for Accessible Design, which detail the technical rules for building accessibility, was March 15, 2012.

7.  Violations of one or more construction-related accessibility standards denied PLAINTIFF full and equal access to the DEFENDANT'S SITE, a place of public accommodation.

8.  On or about April 11, 2014 PLAINTIFF visited DEFENDANT'S SITE, located at THE WESTIN LOS ANGELES AIRPORT 5400 West Century Boulevard, Los Angeles ("SITE"). PLAINTIFF personally encountered the violation of one or more construction-related accessibility standards, which denied him full and equal access to the SITE. Plaintiff experienced difficulty and discomfort because of these violation(s).

9.  Plaintiff had reserved a roll-in shower, handicapped accessible room. Upon arrival Plaintiff was directed to a room which was in violation of the ADAAG.                          8 of 21

---

**File By Fax**

CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT

3.

The violations, comprising architectural barriers, were:

(a) The roll-in shower in room 653 was obstructed by a curb exceeding 1/2 inches in height (the curb was in fact approximately 2 inches in height, making the shower's roll-in feature unusable), in violation of the 2010 ADA Standards for Accessible Design. (see EXHIBIT A).

*2010 Standards: Title III - 37, 608.7 Thresholds, states in relevant part: Thresholds in roll-in type shower compartments shall be 1/2 inch (13 mm) high maximum in accordance with 303.*

(b) Grab bar violations in roll-in shower in room 653 in violation of the 2010 ADA Standards for Accessible Design. Grab bars were not installed 6 inches from adjacent walls. (see EXHIBIT B).

*2010 Standards: Title III - 37, 608.3.2 Standard Roll-In Type Shower Compartments, states in relevant part: "... Where a seat is not provided in standard roll-in type shower compartments, grab bars shall be provided on three walls. Grab bars shall be installed 6 inches (150 mm) maximum from adjacent walls."*

10. Bringing the SITE into compliance would not impose an undue hardship on Defendants as the cost of compliance is within the overall financial DEFENDANT'S abilities.

11. Additionally, bringing the SITE into compliance would not impose an undue hardship on Defendants, as the impact of compliance on the operation of the SITE is negligible.

**FIRST CAUSE OF ACTION**
**Violation of the Americans With Disabilities Act of 1990 [42 U.S.C. section 12101, et seq.]**
**(Against All Defendants)**

12. All of those allegations set forth hereinabove in paragraphs 1 through 11, inclusive, are incorporated herein by reference as if fully set forth.

13. Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, Defendants are required to ensure that persons with disabilities are not discriminated against. Additionally, Defendants are specific duties to (1) ensure that all construction, alteration, or modification are barrier free and comply with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. Defendants have failed to meet these obligations.

14. WHEREFORE, PLAINTIFF prays for judgment against the Defendants and each of them, as follows.

///
///

CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT

File By Fax

4

**SECOND CAUSE OF ACTION**

Violation of the UNRUH Civil Rights Act [Cal Civ §:51-53]
(Against All Defendants)

15. All of those allegations set forth herein-above in paragraphs 1 through 11, inclusive, are incorporated herein by reference as if fully set forth.

16. Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, Defendants are required to ensure that persons with disabilities are not discriminated against. Additionally, Defendants have specific duties to: (1) ensure that all construction, alteration, or modification are barrier free and comply with the American with Disabilities act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (known as the "California Building Code"); and/or (3) to provide alternatives to barrier removal. Defendants have failed to meet these obligations.

17. WHEREFORE, PLAINTIFF prays for judgment against the Defendants and each of them, as follows.

**THIRD CAUSE OF ACTION**
Violation of the California Disabled Persons Act
[Cal Civ § 54-54.8]
(Against All Defendants)

18. All of those allegations set forth herein-above in paragraphs 1 through 11, inclusive, are incorporated herein by reference as if fully set forth.

19. Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, Defendants are required to ensure that persons with disabilities are not discriminated against. Additionally, Defendants have specific duties to: (1) ensure that all construction, alteration, or modification are barrier free and comply with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. Defendants have failed to meet these obligations.

20. WHEREFORE, PLAINTIFF prays for judgment against the Defendants and each of them, as follows.

**FOURTH CAUSE OF ACTION**
Negligence (Against All Defendants)

21. All of those allegations set forth herein-above in paragraphs 1 through 11, inclusive, are incorporated herein by reference as if fully set forth.

File By Fax

1   22. Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the

2   Unruh Civil Rights Act and California Disabled Person Act to provide safe, convenient, and accessible

3   facilities to PLAINTIFF. Their breach of this duty, as alleged in the preceding paragraphs, has caused

4   injury and damage as alleged above.

5   23. WHEREFORE, PLAINTIFF prays for judgment against the Defendants and each of them, as follows.

6

7   ### FIFTH CAUSE OF ACTION
    Violations of the Business and Professions Code
    Section 17200, Unfair Competition (Against All Defendants)

8

9   24. All of those allegations set forth herein-above in paragraphs 1 through 10, inclusive, are incorporated

10  herein by reference as if fully set forth.

11  25. Defendants engaged in unfair competition in violation of Business and Professions Code section

12  17200, by violating the law as alleged in the First, Second, and Third Causes of Action.

13  26. WHEREFORE, PLAINTIFF prays for judgment against the Defendants and each of them, as follows.

14  \\\

15  \\\

16

17

18

19

20

21

22

23

24

25

26

27

28

File By Fax

CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT

6

5192-051340020  2014051311.51  <No.Field>  Page 12 of 21

**PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against the Defendants and each of them as follows:
Damages and Remedies as to All Causes of Action.

(a)   For damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum under CIVIL CODE §§ 52 et seq. An election will be made prior to or at trial as PLAINTIFF cannot recover under both acts concurrently.

(b)   For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; CIVIL CODE §§ 52 and 54.3 and CODE OF CIVIL PROCEDURE § 1021.5.

(a)   For costs of suit incurred herein; and

(b)   For such other, further and general relief to which PLAINTIFF may be entitled.

**Jury Demand**

PLAINTIFF requests his right to have a trial by jury in this case.

Respectfully submitted,

This _8_ day of _May_ 20 _14_

_[signature]_

_____
Scott L. Cohen
Attorney for Ara Sahelian

12 of 21

CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT

**File By Fax**                                                                            7



EXHIBIT A



EXHIBIT B

1  Scott L. Cohen  [SBN 113404]
   Law Offices of Cohen & Blitz
2  23151 Moulton Pkwy
3  Laguna Hills, CA 92653-1206
   Tel: 949.951.3832
4  Fax: 949.951.3872
5  Attorneys for Ara Sahelian

6  Ara Sahelian, Esq. [SBN 169257]
   23046 Avenida De La Carlota, Ste. 600
7  Laguna Hills, CA  92653
   Tell: 949.859.9200
8  Fax:  949.954.8333
9  sahelianlaw@me.com
   In Pro Per
10

11             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                        COUNTY LOS ANGELES
               CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE
13

14

15  ARA SAHELIAN,                          CASE NO:
16              Plaintiff,
17                                         NOTICE : STATE LAW REQUIRES THAT YOU
         v.
18                                         GET THIS IMPORTANT ADVISORY
19  THE WESTIN LOS ANGELES AIRPORT, a      INFORMATION FOR BUILDING OWNERS AND
    business form unknown; DOES 1-100,
20                                         TENANTS
            Defendants.
21
22                                         [IMAGED FILE]
23

24

25      This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the
26  Judicial Council of California. Persons with visual impairments can get assistance in viewing this form
27  through the Judicial Council Internet Web site at www.courts.ca.gov.
        California law requires that you receive this information because the court complaint you
28  received with this document claims that your building or property does not comply with one or more

---

**CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT**

8

existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect at www.dgs.ca.gov. Information is also available from the California Commission on Disability Access at www.ccda.ca.gov/guide.htm.

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present your explanation why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT**

9

1  Scott L. Cohen  [SBN 113404]
   Law Offices of Cohen & Blitz
2  23151 Moulton Pkwy
   Laguna Hills, CA 92653-1206
3  Tel: 949.951.3832
   Fax: 949.951.3872
4
   Attorneys for Ara Sahelian
5

6  Ara Sahelian, Esq. [SBN 169257]
   23046 Avenida De La Carlota, Ste. 600
7  Laguna Hills, CA  92653
   Tell: 949.859.9200
8  Fax:  949.954.8333
9  sahelianlaw@me.com
   In Pro Per
10

11             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                          COUNTY LOS ANGELES
               CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE
13

14

15  ARA SAHELIAN,                         CASE NO:

16              Plaintiff,

17                                        ADVISORY NOTICE TO DEFENDANT
        v.
18
19  THE WESTIN LOS ANGELES AIRPORT, a    [IMAGED FILE]
    business form unknown; DOES 1-100,
20
21              Defendants.

22

23      YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY STOPPING
24  ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT AND MAY BE
25  ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET CERTAIN CONDITIONS.
26      If the construction-related accessibility claim pertains to a site that has a Certified Access Specialist
27  (CASp) inspection report for that site, or to a site where new construction or improvement was approved
28  after January 1, 2008, by the local building permit and inspection process, you may make an immediate
    request for a court stay and early evaluation conference in the construction-related accessibility claim by

─────────────────────────────────────────────
                    CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT

                                                                          10

filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or with new construction after January 1, 2008), and, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the CASp report or building department approval of the new construction or improvement that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim, your liability for minimum statutory damages may be reduced to $1,000 for each offense, unless the violation was intentional, and if all construction-related accessibility violations giving rise to the claim are corrected within 60 days of being served with this complaint.

IN ADDITION, if your business is a small business that, over the previous three years, or the existence of the business if less than three years, employs 25 or fewer employees on average over that time period and meets specified gross receipts criteria, you may also be entitled to the court stay and early evaluation conference and your minimum statutory damages for each claim may be reduced to $2,000 for each offense, unless the violation was intentional, and if all the alleged construction-related accessibility violations are corrected within 30 days of being served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take pictures and measurements or similar action to document the condition of the physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

---

**CONSTRUCTION-RELATED ACCESSIBILITY COMPLAINT**

5192-062440036 2014062415:33 <No Field> Page 2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 25 2014

Sherri R. Carter, Executive Officer/Clerk
By: Candice S. Calagna, Deputy

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER |
|---|---|
| Scott L. Cohen, Esq.<br>Law Offices of Cohen & Blitz<br>23151 Moulton Pkwy.<br>Laguna Hills, CA 92653-1206 | 113404 |

ATTORNEY FOR (Name) Ara Sahelian

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF
Ara Sahelian

DEFENDANY
The Westin Los Angeles Airport; et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER<br>14K06400 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME
WESTIN HOTEL MANAGEMENT, LP.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>6/16/14 | TYPE OR PRINT NAME<br>Scott L. Cohen, Esq. | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

2 of 4

# File By Fax

5192-062440036 2014082415:33 <No Field> Page 3



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

JUN 25 2014

Sherri R. Carter, Executive Officer/Clerk
By: Candice B. Catagna, Deputy

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Scott L. Cohen, Esq.<br>Law Offices of Cohen & Blitz<br>23151 Moulton Pkwy.<br>Laguna Hills, CA 92653-1206 | 113404 | |

ATTORNEY FOR (Name)  Ara Sahelian

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Ara Sahelian

DEFENDANT:
The Westin Los Angeles Airport; et al.

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious /Incorrect Name)** | CASE NUMBER:<br>14K06400 |
|---|---|

---

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 2

and having discovered the true name of the defendant to be:

TRUE NAME
STARWOOD HOTELS & RESORTS WORLDWIDE, INC.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 6/16/14 | Scott L. Cohen, Esq. | |

---

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

---

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

3 of 4

Code Civ. Proc., §§ 471.5,
472, 473, 474

# File By Fax

# EXHIBIT B



*LAW OFFICES OF*

# COHEN & BLITZ

ROBERT H. BLITZ
SCOTT L. COHEN

23151 MOULTON PARKWAY
LAGUNA HILLS, CALIFORNIA 92653
(949) 951-3832

July 18, 2014

Chelsea D. Mesa, Esq.
Seyfarth Shaw LLP
333 S. Hope St., Suite 3900
Los Angeles, CA 90071

VIA EMAIL ONLY
e-mail:CMESA@SEYFARTH.COM

Re:     Sahelian v Westin Los Angeles Airport
        lasc CASE NO. 14K06400

Dear counsel,

We are in receipt of your letter dated July 17, 2014. While we believe that service is effective on the two entities you have listed, your clients, (CCP 415.20) we will go ahead and make the necessary substitutions as you suggested. In effect, we will be substituting in Host Los Angeles, LP, and HST Lessee LAX, LP. I would urge you to contact your client(s) and have them update the Westin Los Angeles website to reflect proper ownership of the entity.

You contacted us regarding a civil action naming your client. If you require additional information, for instance clarification of the complaint, please direct your inquiry, in writing, to this office. If the purpose was to explore settlement, our policy is not to discuss settlement until the architectural barriers pointed out in the complaint have been eliminated.

As of March, 2012, ALL facilities open to the public, with rare exceptions, must comply with the ADAAG (architectural standards). Those standards may be found at: http://www.ada.gov/regs2010/2010ADAStandards/2010ADAStandards_prt.pdf. If you contend that your client has not violated the ADAAG, as noted in the complaint, tell us why, *in writing*, and we will respond to your comments. But, our ongoing dialogue must not be construed as a waiver to remedial action. Your client must bring his/her site into compliance without delay.

To that end, we urge you to contact a professional architectural firm that employs a certified access specialist. In the alternative, the State of California can help you locate a certified access specialist at https://www.casinstitute.org/ca-directory. Either way, in order to make sure that your client does not

Chelsea D. Mesa, Esq.
July 18, 2014
Page Two

waste time and/or money in removing existing barriers and bringing your site into compliance, we
strongly urge you hire professionals.

Keep us apprised on the remedial action, and thank you for your attention to the above.

Very truly yours,

LAW OFFICES OF COHEN & BLITZ

SCOTT L. COHEN

SLC: ns
enclosures

cc: Ara Sahelian

# EXHIBIT C

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Scott L. Cohen, Esq. Law Offices of Cohen & Blitz 23151 Moulton Pkwy. Laguna Hills, CA 92653 | 113404 | |

ATTORNEY FOR (Name): Ara Sahelian

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Ara Sahelian

DEFENDANT:
The Westin Los Angeles Airport; et al.

| **AMENDMENT TO COMPLAINT** (Fictitious /Incorrect Name) | CASE NUMBER: 14K06400 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 3

and having discovered the true name of the defendant to be:

TRUE NAME
Host Los Angeles, LP

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 7-18-14 | Scott L. Cohen, Esq. | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

Dated _____          _____ Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

# PROOF OF SERVICE

Title: **Sahelian v The Westin Los Angeles Airport, et al.**

Case Number:  14K06400

Document(s):  **LACIV-105  Amendment to Complaint - Doe 3**

At the time of service I was at least 18 years of age and not a party to this action. I am employed in the county where the mailing occurred.

My business address is 23046 Ave De La Carlota, Ste 600, Laguna Hills, Ca 92653.

The fax number from which I served the document(s) is :  949 954 8333 (service by myfax.com).

The electronic notification addresses from which I served the document(s) are cheryl.sahelianlaw@yahoo.com; sahelianlaw@me.com or sahelianlaw@yahoo.com. I served the documents listed above on the person or persons noted below in the service list by the following means :

☑ (a) By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses noted below in the service list.

    ☑ I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐ By Priority U.S. Mail with Delivery Confirmation by depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐ By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses noted below in the service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ (b) By fax transmission. Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers noted below in the service list. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (c)  By electronic service. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent to the persons at the electronic notification addresses listed below in the service list.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

Date: 7/18/14

CHERYL BALMAN

**SERVICE LIST**

| Westin Hotel Management, LP. | c/o C T CORPORATION SYSTEM | Fax: |
| | 818 West 7th Street - 2nd Floor | Email: |
| | Los Angeles, CA  90017 | |

SAHELIAN LAW OFFICES
23046 AV. DE LA CARLOTA, STE. 600
LAGUNA HILLS, CA 92653

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Scott L. Cohen, Esq.<br>Law Offices of Cohen & Blitz<br>23151 Moulton Pkwy.<br>Laguna Hills, CA  92653 | 113404 | |

ATTORNEY FOR (Name) Ara Sahelian

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA  90012

PLAINTIFF:
Ara Sahelian

DEFENDANT:
The Westin Los Angeles Airport, et al.

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>14K06400 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 4

and having discovered the true name of the defendant to be:

TRUE NAME
HST Lessee LAX, LP

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>7-18-14 | TYPE OR PRINT NAME<br>Scott L. Cohen, Esq. | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

**ORDER**

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

# PROOF OF SERVICE

Title: **Sahelian v The Westin Los Angeles Airport, et al.**

Case Number: 14K06400

Document(s): **LACIV-105 Amendment to Complaint - Doe 4**

At the time of service I was at least 18 years of age and not a party to this action. I am employed in the county where the mailing occurred.

My business address is 23046 Ave De La Carlota, Ste 600, Laguna Hills, Ca 92653.

The fax number from which I served the document(s) is : 949 954 8333 (service by myfax.com).

The electronic notification addresses from which I served the document(s) are cheryl.sahelianlaw@yahoo.com; sahelianlaw@me.com or sahelianlaw@yahoo.com. I served the documents listed above on the person or persons noted below in the service list by the following means :

☑ (a) By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses noted below in the service list.

    ☑ I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐ By Priority U.S. Mail with Delivery Confirmation by depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐ By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses noted below in the service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ (b) By fax transmission. Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers noted below in the service list. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (c) By electronic service. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent to the persons at the electronic notification addresses listed below in the service list.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

Date: 7/18/14

CHERYL BALMAN

## SERVICE LIST

| Westin Hotel Management, LP. | c/o C T CORPORATION SYSTEM | Fax: |
| | 818 West 7th Street - 2nd Floor | Email: |
| | Los Angeles, CA 90017 | |

SAHELIAN LAW OFFICES
23046 AV. DE LA CARLOTA, STE. 600
LAGUNA HILLS, CA 92653

# EXHIBIT D

1   SEYFARTH SHAW LLP
    Chelsea D. Mesa (SBN 217746)
2   E-mail: cmesa@seyfarth.com
    333 South Hope Street, Suite 3900
3   Los Angeles, California  90071
    Telephone:  (213) 270-9600
4   Facsimile:  (213) 270-9601

5   Attorneys for Defendants
    HOST LOS ANGELES, LP (owner of "THE WESTIN
6   LOS ANGELES AIRPORT") and HST LESSEE LAX, LP,
    STARWOOD HOTELS & RESORTS WORLDWIDE, INC.
7   and WESTIN HOTEL MANAGEMENT, LP

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF LOS ANGELES

11   ARA SAHELIAN,                        )   Case No. 14K06400
                                          )
12              Plaintiff,                )   **DEFENDANTS' ANSWER TO**
                                          )   **PLAINTIFF'S COMPLAINT FOR**
13         v.                             )   **INJUNCTIVE RELIEF AND DAMAGES**
                                          )
14   THE WESTIN LOS ANGELES AIRPORT, a    )
     business form unknown;               )
15                                        )
                Defendants.               )
16                                        )
                                          )
17                                        )
                                          )
18

19

20         Defendants Host Los Angeles, LP (owner of "The Westin Los Angeles Airport") and

21   HST Lessee LAX, LP, Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") and Westin

22   Hotel Management, LP ("WHM") (collectively, "Defendants") hereby answer the unverified

23   Complaint ("Complaint") filed by Plaintiff Ara Sahelian ("Plaintiff") as follows.

24                              **GENERAL DENIAL**

25         Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally

26   deny each and every allegation, statement, matter and each purported cause of action contained

27

28                                        -1-
     _____
                Defendants' Answer to Plaintiff's Complaint
                        Case No. 14K06400

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 24 2014

Sherri R. Carter, Executive Officer/Clerk
By Anabella Figueroa, Deputy

1  in Plaintiff's unverified Complaint, and further deny that Plaintiff has been damaged in the

2  manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

3  **SEPARATE DEFENSES**

4  In further answer to Plaintiff's Complaint, Defendants allege the following defenses.  In

5  asserting these defenses, Defendants do not assume the burden of proof as to matters that,

6  pursuant to law, are Plaintiff's burden to prove.

7  **FIRST SEPARATE DEFENSE**

8  **(Failure to State a Cause of Action – All Causes of Action)**

9  Plaintiff's Complaint and each purported cause of action asserted against Defendants

10  therein fails to set forth facts sufficient to constitute a claim.

11  **SECOND SEPARATE DEFENSE**

12  **(Failure to Mitigate Claimed Damages – State law claims)**

13  Plaintiff did not mitigate his damages, and his damages, if any are awarded, should be

14  reduced to the extent he failed to mitigate them.

15  **THIRD SEPARATE DEFENSE**

16  **(No Standing – All Claims)**

17  Plaintiff lacks standing to seek injunctive relief because he is under no threat of imminent

18  harm.

19  **FOURTH SEPARATE DEFENSE**

20  **(Comparative Negligence – Negligence)**

21  Plaintiff was partially, if not wholly, negligent or otherwise at fault and should be barred

22  from recovery of that portion of damages directly attributable to his or her proportionate share of

23  the negligence or fault, pursuant to the doctrine of comparative negligence.

24  **FIFTH SEPARATE DEFENSE**

25  **(Estoppel – State law claims)**

26  Plaintiff's claims are barred by the doctrine of estoppel.

27

28

-2-

## SIXTH SEPARATE DEFENSE

### (Proportional Liability – Negligence)

If Defendants are responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendants expressly deny, such injuries or damages have been caused by or contributed to by others, and Defendants' proportional liability, if any, should be reduced to the extent thereof.

## SEVENTH SEPARATE DEFENSE

### (Prompt Corrective Remedial Measure – All claims)

Plaintiff is not entitled to recover any attorneys' fees under the ADA or state law on the ground that Defendants are taking measures to remedy the sought after relief.

## EIGHTH SEPARATE DEFENSE

### (No Intent to Impede or Impair Service or Access – State Causes of Action)

Defendants did not intentionally impede or impair access or service to Plaintiff and made good faith efforts to provide access to and in the facility at issue.

## NINTH SEPARATE DEFENSE

### (Recovery of Prevailing Party Attorney's Fees - All claims)

Pursuant to 42 U.S.C. § 12205, in the event Defendants prevail in this action, Defendants should be awarded their reasonable attorney's fees and costs incurred in the defense of this action.

## TENTH SEPARATE DEFENSE

### (Mootness -- Injunctive Relief)

Plaintiff's alleged claims for injunctive relief are barred, in whole or in part, because the challenged conditions have been or will shortly be remedied and thus Plaintiff will not again be subjected to the same alleged wrongful conduct by Defendants.

1

**ELEVENTH SEPARATE DEFENSE**

2

**(Punitive Damages - State law claims)**

3

Imposition of punitive damages would violate Defendants' due process and equal

4

protection rights guaranteed by the United States Constitution.

5

**TWELFTH SEPARATE DEFENSE**

6

**(Lack of Harm - State law claims)**

7

Plaintiff has not suffered any damages as a result of any actions or omissions of

8

Defendants and Plaintiff is thus barred from asserting any cause of action against Defendants.

9

**THIRTEENTH SEPARATE DEFENSE**

10

**(Improper Defendants - All claims)**

11

Plaintiff has no claim against WHM because, as Plaintiff has been made aware, WHM

12

has no affiliation with or connection to the property where Plaintiff allegedly suffered the harm

13

alleged in this action.  Likewise, Starwood does not directly manage or operate the property

14

where Plaintiff allegedly suffered the harm alleged in this action.

15

**FOURTEENTH SEPARATE DEFENSE**

16

**(Alterations Made by Others - All claims)**

17

Defendants are not responsible for any alterations made by others.  Any and all

18

alterations made by Defendants since its acquisition of the Property were made so that, to the

19

maximum extent feasible, the altered portion of the Property, if any, are readily accessible to,

20

and usable by, individuals with disabilities.

21

**FIFTEENTH SEPARATE DEFENSE**

22

**(Design and Construction by Others - All claims)**

23

Defendants did not design or construct the Property.

24

**SIXTEENTH SEPARATE DEFENSE**

25

**(Other Access - All claims)**

26

Defendants provide equivalent facilitation and/or appropriate means for patrons with

27

disabilities to enjoy their goods, facilities, and services.

28

1

2  ### SEVENTEENTH SEPARATE DEFENSE

3  ### (Disproportionate Costs - All claims)

4  To the extent any alterations were made to the premises triggering the requirements of 28

5  C.F.R. § 36.403 (path of travel), the costs of meeting those requirements are disproportionate to

6  the cost of the alterations.

7  ### EIGHTEENTH SEPARATE DEFENSE

8  ### (De Minimis Deviations - All claims)

9  Assuming, arguendo, that the ADA Standards at 28 C.F.R. Part 36 App. A are deemed

10  relevant to this case, any deviations from those guidelines are de minimis and within

11  construction and/or manufacturing tolerances.

12  ### NINETEENTH SEPARATE DEFENSE

13  ### (Not Readily Achievable - All claims)

14  The removal of the alleged access barriers complained of in the Complaint, if any, are not

15  readily achievable.

16  ### TWENTIETH SEPARATE DEFENSE

17  ### (No Personal Encounter - All claims)

18  Plaintiff cannot recover for any violations he did not personally encounter on a particular

19  occasion and which have not deterred any desire for access.

20  ### TWENTY-FIRST SEPARATE DEFENSE

21  ### (No Causation - All claims)

22  Defendant's actions or inactions were not a legal and proximate cause of any damages or

23  injuries that may have been sustained by Plaintiff.

24  ### TWENTY-SECOND SEPARATE DEFENSE

25  ### (Statute of Limitations - All claims)

26  The claims for relief set forth in the Complaint are barred by the applicable statutes of

27  limitations.

28

-5-

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event discovery indicates such defenses are appropriate.

## PRAYER

WHEREFORE, Defendants pray that this Court enter a judgment as follows:

1.  That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants;

2.  That Plaintiff take nothing by way of his Complaint;

3.  That Defendants be awarded their costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and

4.  For such further and other relief as the Court may deem just and proper.

DATED: July 24, 2014

SEYFARTH SHAW LLP

By _____
Chelsea D. Mesa
Attorneys for Defendants
HOST LOS ANGELES, LP (owner of
"THE WESTIN LOS ANGELES
AIRPORT") and HST LESSEE LAX, LP,
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.
and WESTIN HOTEL MANAGEMENT,
LP

17585142v.2

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA              )
                                     )  ss
3   COUNTY OF LOS ANGELES           )

4           I am a resident of the State of California, over the age of eighteen years, and not a party to the
    within action.  My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.
5   On July 24, 2014, I served the within document(s):

6           **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**
            **FOR INJUNCTIVE RELIEF AND DAMAGES**
7

8   ☐   I sent such document from facsimile machines (213) 270-9601 on July 24, 2014.  I certify that
        said transmission was completed and that all pages were received and that a report was generated
9       by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a
        copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed
10      envelope(s) addressed to the parties listed below.

11  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
        in the United States mail at Los Angeles, California, addressed as set forth below.

12  ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
        below.
13

14  ☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
        sealed envelope or package provided by an overnight delivery carrier with postage paid on
15      account and deposited for collection with the overnight carrier at Los Angeles, California,
        addressed as set forth below.

16  ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
        below.
17

18  ☐   electronically by using the Court's ECF/CM System.

19      Scott L. Cohen, Esq.                    Ara Sahelian, Esq.
        Law Offices of Cohen & Blitz           23046 Avenida De La Carlota
20      23151 Moulton Parkway                   Suite 600
        Laguna Hills, California  92653         Laguna Hills, California  92653
21

22          I am readily familiar with the firm's practice of collection and processing correspondence for
    mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
23  postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
    served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
24  after date of deposit for mailing in affidavit.

25          I declare under penalty of perjury under the laws of the State of California that the above is true
    and correct.
26

27          Executed on July 24, 2014, at Los Angeles, California.

28                                              _____
                                                Alicia Guillen

PROOF OF SERVICE

17631808v.1

# EXHIBIT E

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

In re Los Angeles Superior Court Cases General ) Case No.: **14K06400**
Order – Limited Jurisdiction (Non-Collections) )
Cases                                            )   GENERAL ORDER
                                                 )
                                                 )
                                                 )
                                                 )
_____ )

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the

Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS

FOLLOWS IN THIS ACTION:

    1.    **PLAINTIFF/S IS/ARE ORDERED TO SERVE A COPY OF THIS**

**GENERAL ORDER ON THE DEFENDANT/S WITH COPIES OF THE SUMMONS**

**AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS**

**ORDER. (Code Civ. Proc., § 594, subd. (b).)**

    2.    The Court sets the following trial date in this case in Department 77 at the

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

POS: 1 1 / 1 3 / 2014 TRIAL: 1 1 / 1 3 / 2015 OSC: 0 5 / 1 5 / 2017

| TRIAL: | |
|---|---|
| • Date: _____ | at 8:30 a.m. |

## SERVICE OF SUMMONS AND COMPLAINT

    3.    The trial date set forth above is conditioned on the defendant/s being served

with the summons and complaint within six (6) months of the filing of the complaint. The

trial date will be continued to a later date if service is not accomplished within six (6)

months. The parties may stipulate to keep the original trial date even if service of the

summons and complaint is not completed within six (6) months of the filing of the original

complaint.

4.      The summons and complaint shall be served upon the defendant/s within three

(3) years after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).)

Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved

parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).).

The dismissal as to the unserved parties, without prejudice, for this case shall be effective on

the following date:

---

**UNSERVED PARTIES DISMISSAL DATE**

POS: 1 1 / 1 3 / 2014  TRIAL: 1 1 / 1 3 / 2015  OSC: 0 5 / 1 5 / 2017

---

5.      No Case Management Review (CMR) will be conducted in this case.

### LAW AND MOTION

6.      All regularly noticed pre-trial motions will be heard in Department 77 on

Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.  Motions will require parties

to reserve a hearing date by calling (213) 974-6247.  All motions should be filed in Room

102 of the Stanley Mosk Courthouse.

7.      Tentative rulings may be posted on the Court's internet site at

http://www.lasuperiorcourt.org/tentativeruling the day prior to the hearing.

## EX PARTE APPLICATIONS

8.    Ex parte applications should be noticed for 1:30 p.m. in Department 77. All applications must be filed by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9.    The fee shall be due no later than 365 calendar days after the filing of the initial complaint.  (Code Civ. Proc., § 631, subds. (b) and (c).)

## STIPULATION TO CONTINUE TRIAL

10.    A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. The stipulation and order should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees.  (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

## TRIAL

11.    Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the day of trial the Parties shall bring with them to Department 77 all of the following:

    i.    Joint Statement of the Case;

    ii.    Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court ( LASC), see local rule 3.57;

    iii.    Joint Witness List disclosing the witnesses who will be called what they will testify to, and how long their testimony will take;

    iv.    Joint Exhibits in exhibit books, numbered appropriately, and Exhibit List;

v.     Joint Proposed Jury Instructions printed out for the court; and

vi.    Joint Proposed Verdict form(s) printed out for the court.

12.    **FAILURE TO COMPLY WITH ANY REQUIREMENT SET FORTH IN PARAGRAPH 11 ABOVE  MAY RESULT IN SANCTIONS OR THE VACATING OF THE TRIAL DATE.**  (Los Angeles Superior Court Local Rule 3.37.)


GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.


DATE: March 13, 2013.

Hon. Stephanie Bowick
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

# COURT ADR PROGRAMS

CIVIL:

- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):

- Arbitration (non-binding) (Fam. Code §.2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:

- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

**Random Select Panel**  The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | | PHONE | FAX | E-MAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-6173 | AntelopaADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-545-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-482-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-620-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1629 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccrinsece.org

Inland Valleys Justice Center (909) 621-7470 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-6324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 476-7600 (323) 980-1041 (800) 922-1322 (562) 670-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621

### INFORMATION ABOUT ALTERNATIVE DISPUTE RESOLUTION

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation          ☐ Neutral Evaluation

☐ Arbitration (non-binding)     ☐ Settlement Conference

☐ Arbitration (binding)       ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

| | | Case Number |
|---|---|---|

| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Stipulating Party<br>☐ Defendant   ☑ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Stipulating Party<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule
Page

DAL-001

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov*.

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.gov/guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** If the document accompanying this notice is a demand letter from a lawyer and not a formal court complaint, the lawyer is generally required by law to provide a copy of the letter to the State Bar of California, until January 1, 2016, in order that the State Bar may determine whether the demand letter complies with legal requirements, INCLUDING THAT THE DEMAND LETTER MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Any demand letter or court complaint must list the lawyer's State Bar license number on the document.

You are encouraged, but are not required, to provide the State Bar with a copy of the demand letter so the State Bar is aware that you received this demand letter and may determine whether it is in compliance with specified legal requirements. A copy of the letter can be sent to the State Bar by facsimile transmission to 415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, California 94105, Attention: Professional Competence.

| Form Adopted for Mandatory Use Judicial Council of California DAL-001 [Rev. July 1, 2013] | **IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS** **(Disability Access Litigation)** | Civil Code, § 55.3 www.courts.ca.gov |

DAL-005

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number if attorney, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                         FAX NO.: | |
| E-MAIL ADDRESS : | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| **DEFENDANT'S APPLICATION FOR STAY AND EARLY EVALUATION CONFERENCE PURSUANT TO CIVIL CODE SECTION 55.54** | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm)*

1. Defendant *(name):*_____requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements ( *All items in one of a, b, or c must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

  a. ☐ **CASp-Inspected Site**

   i. ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending and, if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and

   ii. ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

  b. ☐ **New Construction**

   i. ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;

   ii. ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and

   iii. ☐ All violations have been corrected, or will be corrected within 60 days of defendant's being served with the complaint.

  c. ☐ **Small Business**

   i. ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code, § 55.56(2)(f);

   ii. ☐ All violations have been corrected, or will be corrected within 30 days of being served with the complaint; and

   iii. ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within 10 days of the court order setting an early evaluation conference.

   iv. I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*

    ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years.

    ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-005 [New January 1, 2013]

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS
AND EARLY EVALUATION CONFERENCE
(Disability Access Litigation)**

Civil Code, § 55.54
www.courts.ca.gov

DAL-005

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

4. Defendant requests that the court:

    a.  Stay the proceedings relating to the construction-related accessibility claim.

    b.  Schedule an early evaluation conference.

    c.  Order defendant to:

        i.  File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least 15 days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

        ii.  File with the court and serve on plaintiff evidence showing correction of all violations within 10 days of completion of the correction or, if seeking relief as a small business, within 10 days after issuance of a court order granting a stay.

    d.  Order plaintiff to file with the court and serve on defendant the statement required by Civil Code section 55.54(d)(6) at least 15 days before the date of the early evaluation conference.

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF ATTORNEY OR PARTY WITHOUT ATTORNEY)

### DECLARATION OF DEFENDANT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE** **(Disability Access Litigation)**

**CONFIDENTIAL**

DAL-006

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number of attorney, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                  FAX NO.: | |
| E-MAIL ADDRESS: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

| CONFIDENTIAL COVER SHEET AND DECLARATION RE DOCUMENTS FOR STAY AND EARLY EVALUATION CONFERENCE | CASE NUMBER: |
|---|---|

*This Confidential Cover Sheet and Declaration should be affixed to the first page of any of the documents listed below. It may not be used with other documents.*

---

**INSTRUCTIONS TO CLERK:** Certain supporting documents to be filed along with or following an *Application for Stay of Proceedings and Early Evaluation Conference* are to be kept confidential, as provided by Civil Code sections 55.54(c)(6) and (d)(4)(A) and (5). Such document are not to be made part of the public record except to the extent provided in Civil Code section 55.54(e)(4).

---

Attached hereto is a true and correct copy of one or more of the following documents *(check all that apply)*:

1. ☐ Report issued by a Certified Access Specialist on a site that is the subject of this litigation. *(This document may become publicly accessible at some point, under Civil Code section 55.54(e)(4).)*

2. ☐ Wage report forms filed by defendant with the Employment Development Department.

3. ☐ State or federal income tax returns filed by defendant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ▶   _____
    **(TYPE OR PRINT NAME OF DECLARANT)**               **(SIGNATURE OF DECLARANT)**

Form Adopted for Mandatory Use
Judicial Council of California
DAL-006 [Rev. July 1, 2013]

**CONFIDENTIAL COVER SHEET AND DECLARATION RE DOCUMENTS
FOR STAY AND EARLY EVALUATION CONFERENCE**
**(Disability Access Litigation)**

Civil Code, § 55.54
www.courts.ca.gov

DAL-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number if attorney, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO.: | |
| E-MAIL ADDRESS : | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:
DEFENDANT:

| NOTICE OF STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE (DISABILITY ACCESS LITIGATION) | CASE NUMBER: |
|---|---|

## Stay of Proceeding

For a period of 90 days from the date of the filing of this court notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claim or claims in this case.

This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is still in place.

## Notice of Early Evaluation Conference

1. This action includes a construction-related accessibility claim under Civil Code Section 55.52(a)(1) or other provision of law.

2. A defendant has requested an early evaluation conference and a stay of proceedings under Civil Code Section 55.54.

3. The early evaluation conference is scheduled as follows:

| a. Date: | Time: | Dept.: | Room: |
|---|---|---|---|

b. The conference will be held at ☐ the court address shown above ☐ at the following address:

4. The plaintiff and defendant must attend with any other person needed for settlement of the case unless, with court approval, a party's disability requires the party's participation by a telephone appearance or other alternate means or through the personal appearance of an authorized representative.

5. The defendant who requested the conference and stay of proceedings must serve on all parties and file with the court the following:

   a. *(For a defendant applying under CASp-Inspected Site section)* A copy of the CASp report for the site that is the subject of the construction-related accessibility claim. Defendant must serve and file the report at least 15 days before the date set for the early evaluation conference. The CASp report is confidential and only available as set forth below and in Civil Code Section 55.54(d)(4).

   b. *(For a defendant applying under New Construction section)* Evidence showing the correction of all violations giving rise to the construction-related accessibility claim within 60 days of the service of the complaint. Defendant must serve and file the evidence within 10 days following completion of the corrections.

   c. *(For a defendant applying under Small Business section)* Evidence, if not previously served and filed, showing the correction within 30 days of the service of the complaint of all violations giving rise to the construction-related accessibility claims. Defendant must serve and file the evidence within 10 days of issuance of this order.

6. The CASp report must be marked "CONFIDENTIAL" and may be disclosed only to the court, the parties to the action, the parties' attorneys, those individuals employed or retained by the attorneys to assist in the litigation, and insurance representatives or others involved in the evaluation and settlement of the case. *(File the court's copy attached to Confidential Cover Sheet and Declaration (form DAL-006).)*

Form Adopted for Mandatory Use
Judicial Council of California
DAL-010 [Rev. July 1, 2013]

**NOTICE OF STAY OF PROCEEDINGS AND
EARLY EVALUATION CONFERENCE
(Disability Access Litigation)**

Civil Code, § 55.54
www.courts.ca.gov

DAL-010

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

7. The plaintiff must at least 15 days before the date set for the early evaluation conference serve and file a statement of, to the extent known, all of the following:

    a. An itemized list of specific issues on the subject premises that are the basis of the claimed construction-related accessibility violations in the plaintiff's complaint;

    b. The amount of damages claimed;

    c. The amount of attorney's fees and costs incurred to date, if any, that are being claimed; and

    d. Any demand for settlement of the case in its entirety.

8. A copy of this notice and defendant's application must be served on the plaintiff by hand-delivering it or mailing it to the address listed on the complaint of plaintiff's attorney or plaintiff if without an attorney, within 10 days of date that the court issues the *Notice of Stay of Proceedings and Early Evaluation Conference.* Defendant must file proof of service with the court at least 15 days before the date of the conference. *Proof of Service–Disability Access Litigation* (form DAL-012) may be used to show service of the documents.

Date: _____     Clerk, by _____, Deputy

> *More information about this Notice and Order and the defendant's application, and instructions to assist plaintiff and defendants in complying with this Notice and Order, may be obtained at www.courts.ca.gov/selfhelp.*



**Request for Accommodation**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the date on which you are to appear. Contact the clerk's office or go to *http://www.courts.ca.gov/forms.htm* for *Request for Accommodations by Persons with Disabilities and Response* (form MC-410). (Civil Code section 54.8.)

**NOTICE OF STAY OF PROCEEDINGS AND
EARLY EVALUATION CONFERENCE**
(Disability Access Litigation)

DAL-012

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number if attorney, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:          FAX NO.: | |
| E-MAIL ADDRESS : | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS
    CITY AND ZIP CODE:
    BRANCH NAME:

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

| **PROOF OF SERVICE—DISABILITY ACCESS LITIGATION** | JUDGE: |
|---|---|
| **Check method of service** *(only one):* | |
| ☐ **By Personal Service**   ☐ **By Mail** | DEPT.: |

*(This proof of service may only be used to show service of documents in cases with construction-related accessibility claims, as listed below. Do NOT use it to show service of a summons and complaint, or to show electronic service.)*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My residence or business address is:

3. I served the following documents *(check the applicable boxes):*
   a. ☐ *Defendant's Application for Stay of Proceedings and Early Evaluation Conference* (form DAL-005)
   b. ☐ *Notice of Stay of Proceedings and Early Evaluation Conference* (form DAL-010)
   c. ☐ *Application for Mandatory Evaluation Conference* (form DAL-015)
   d. ☐ *Notice of Mandatory Evaluation Conference* (form DAL-020)
   e. ☐ Inspection report by Certified Access Specialist *(name):*                                              regarding
      the site in this action (See Civ. Code, § 55.54(d)(4)(A).)
   f. ☐ Evidence showing correction of violation giving rise to construction-related claims or plans for remediation (See Civ. Code,
      § 55.54(d)(4)(B) or (C) or § 55.545(c)(3).)
   g. ☐ Plaintiff's statement of issues, damages, attorney's fees, and any settlement demand. (See Civ. Code, § 55.54(d)(6) or
      § 55.545(c)(2).)
   h. ☐ Other *(describe):*

4. ☐ **By Mail.** I am a resident of or employed in the county where the mailing occurred. I served a copy of the document or
   documents by mailing them, in a sealed envelope with first-class postage fully prepaid, as follows:
   a. ☐ I deposited the envelope with the United States Postal Service.
   b. ☐ I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I
      am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary
      course of business with the United States Postal Service.
   c. Date of deposit:                                    d. Place of deposit *(city and state):*
   e. Addressed as follows *(name and address):*

5. ☐ **By Personal Service.** I served a copy of the document or documents by personally delivering copies as shown below:
   a. Name of person served:
   b. Address of person served:
   c. On *(date):*                                    d. At *(time):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

                             ▶

| (TYPE OR PRINT NAME) | (SIGNATURE) | Page 1 of 1 |
|---|---|---|

| Form Approved for Optional Use | **PROOF OF SERVICE—DISABILITY ACCESS LITIGATION** | Code of Civil Procedure, § 1013e; |
|---|---|---|
| Judicial Council of California | **(Disability Access Litigation)** | Civil Code, §§ 55.54 and 55.545 |
| DAL-012 [Rev. July 1, 2013] | | www.courts.ca.gov |

DAL-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, if attorney, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:             FAX NO.: | |
| E-MAIL ADDRESS: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| **APPLICATION FOR MANDATORY EVALUATION CONFERENCE UNDER CODE OF CIVIL PROCEDURE SECTION 55.545** | CASE NUMBER: |
|---|---|

*(Information about this application and the filing instructions may be obtained at www.courts.ca.gov/selfhelp.)*

1. ☐ Plaintiff  ☐ Defendant  *(name):*                                                                 requests a
   Mandatory Evaluation Conference under Civil Code Section 55.545.

2. The complaint in this case alleges a construction-related accessibility claim.

3. The applicant is ineligible for, or is choosing not to seek, a stay under Civil Code section 55.54. *(To seek such a stay, defendant must use form DAL-005.)*

4. The applicant is requesting the court to:

   a. Schedule a Mandatory Evaluation Conference under Civil Code section 55.545(c);

   b. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.545(c)(2) at least 30 days before the date of the Mandatory Evaluation Conference; and

   c. Order defendant to file with the court and serve on plaintiff the statement required by Civil Code section 55.545(c)(3) at least 30 days before the date of the Mandatory Evaluation Conference.

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF ATTORNEY OR PARTY WITHOUT ATTORNEY)

Form Adopted for Mandatory Use
Judicial Council of California
DAL-015 [New July 1, 2013]

**APPLICATION FOR MANDATORY EVALUATION CONFERENCE**
**(Disability Access Litigation)**

Page 1 of 1

Civil Code, § 55.545
www.courts.ca.gov

DAL-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number if attorney, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. : <br> E-MAIL ADDRESS: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| NOTICE OF MANDATORY EVALUATION CONFERENCE | CASE NUMBER: |
|---|---|

1. This action includes a construction-related accessibility claim under Civil Code section 55.52(a)(1) or other provision of law.

2. A party has requested a Mandatory Evaluation Conference under Civil Code section 55.545.

3. The mandatory evaluation conference is scheduled as follows:

   | a. Date: | Time: | Dept.: | Room: |
   |---|---|---|---|

   b. The conference will be held at ☐ the court address shown above, or ☐ at:

4. The plaintiff and defendant must attend with any other person needed for settlement of the case unless, with court approval, a party's disability requires the party's participation by a telephone appearance or other alternate means or through the personal appearance of an authorized representative.

5. The plaintiff must serve and file at least 30 days before the date set for the mandatory evaluation conference a statement containing, to the extent known, all of the following:

   a. An itemized list of specific issues on the subject premises that are the basis of the claimed construction-related accessibility violations in the plaintiff's complaint;

   b. The amount of damages claimed;

   c. The amount of attorney's fees and costs incurred to date, if any, that are being claimed; and

   d. Any demand for settlement of the case in its entirety.

6. The defendant must serve and file at least 30 days before the date for the mandatory evaluation conference a statement describing any remedial action or remedial correction plan undertaken or to be undertaken by defendant to correct alleged construction-related accessibility violations.

7. A copy of this notice must be served by the requesting party on all other parties by hand delivery or mail to the other party's attorney or to the party if without an attorney, within 10 days of the date that the court issues this notice. The requesting party must serve proof of service with the court at least 15 days before the date of the conference. *Proof of Service–Disability Access Litigation* (form DAL-012) may be used to show service of the documents.

Date: _____                    Clerk, by _____ , Deputy

| *More information about this Notice and Order and the application, and instructions to assist plaintiff and defendants in complying with this Notice and Order, may be obtained at www.courts.ca.gov/selfhelp.* |
|---|

**Request for Accommodation**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the date on which you are to appear. Contact the clerk's office or go to *www.courts.ca.gov/forms.htm* for *Request for Accommodations by Persons with Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

Page 1 of 1

**NOTICE OF MANDATORY EVALUATION CONFERENCE**
**(Disability Access Litigation)**

Civil Code § 55.545
*www.courts.ca.gov*

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On July 25, 2014, I served the within document(s):

## DECLARATION OF CHELSEA D. MESA IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

☐ I sent such document from facsimile machines (213) 270-9601 on July 25, 2014.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Scott L. Cohen, Esq.               Ara Sahelian, Esq.
Law Offices of Cohen & Blitz       23046 Avenida De La Carlota
23151 Moulton Parkway              Suite 600
Laguna Hills, California  92653    Laguna Hills, California  92653

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 25, 2014, at Los Angeles, California.

_Alicia Guillen_

PROOF OF SERVICE

17631808v.1